**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

Trey Dayes (AZ. Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ. Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins-(AZ. Bar # 030351)
johnc@phillipsdayeslaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob M. Stallknecht, a single man,<br><br>Plaintiff,<br>vs.<br><br>2B Wireless, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff alleges

## **NATURE OF THE CASE**

1.   The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

1  the FLSA sets minimum wage and overtime pay requirements for covered employers. 29
2  U.S.C. §§ 206(a) & 207(a).

3  2. Employers must compensate employees for all work that employers permit
4  employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of
5  employers' management to ensure that work is not performed if management does not desire
6  for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of
7  employees performing work without compensating the employees for their work. Id.

8  3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime
9  wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29
10 U.S.C. § 201 *et seq*. ("FLSA").

11 4. For at least two (2) years prior to the filing of this action, Defendant had a
12 consistent policy and practice of requiring its employees to work well in excess of forty (40)
13 hours per week without paying them time and a half for hours worked over forty (40) hours per
14 week.

15 5. For at least two (2) years prior to the filing of this action, Plaintiff worked at least
16 thirty-one (31) hours consistently in excess of forty (40) hours per week and was not paid time
17 and a half.

18 6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of
19 liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs
20 pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

23 7. This Court has jurisdiction over the subject matter and the parties hereto pursuant
24 to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

25 8. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the

events or omissions giving rise to the claims occurred in this District.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10. At all times material hereto, B2 Wireless, LLC was a foreign corporation doing business in the State of Arizona and has its principal place of business at 4804 East Chandler Boulevard, Phoenix, Arizona 85044.

11. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. §203(e)(1).

12. The provisions set forth in 29 U.S.C § 207 of the FLSA apply to Defendant.

13. At all relevant times, Defendant was and continues to be an employer as defined in 29 U.S.C. § 203(d).

14. On information and belief, Defendants are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

15. At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

16. Upon information and belief, at all relevant times, the annual gross revenue of Defendant exceeded $500,000.00.

## FACTUAL BACKGROUND

17. B2 Wireless, LLC is a business authorized to sell cellar phones.

18. Defendant hired Plaintiff on July 27, 2011 as a phone technition/sales person.

19. Plaintiff's job responsibilities included taking care of the needs of customers as

they came into the store, whether that be sales or repair.

20. Plaintiff was paid $7.80 per hour until his promotion on February 2013 and then was paid $1500.00 per month as a salary.

21. Plaintiff was a non-exempt an employee.

22. Plaintiff regularly worked approximately 71 hours per week.

23. From July 27, 2011, and continuing through July 23, 2013, Defendant failed to properly compensate Plaintiff for his overtime hours.

24. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

25. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

26. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

27. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE

### VIOLATION OF FAIR LABOR STANDARDS ACT §207

28. Plaintiff incorporates and adopts preceding paragraphs as if fully set forth herein.

29. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime a week.

30. Plaintiff was a non-exempt employee.

31. Defendant intentionally failed and/or refused to pay Plaintiff overtime according

to the provisions of the FLSA.

32. Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

33. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

34. Under 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

35. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

36. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

37. Defendant has not made a good faith effort to comply with the FLSA.

38. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## COUNT THREE

## **DECLATORY JUDGMENT**

39. Plaintiff incorporates and adopts paragraphs 1 through 42 above as if fully set forth herein.

40. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending.

41. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

42. Plaintiff may obtain declaratory relief.

43. Defendant employed Plaintiff.

44. Defendant is an enterprise covered by the FLSA.

45. Plaintiff is individually covered by the FLSA.

46. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. § 207.

47. Defendant did not keep accurate time records pursuant to 29 U.S.C § 211(c) and 29 C.F.R. Part 516.

48. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

49. Defendant did not rely on a good faith defense in their failure to abide by the

1  provisions of the FLSA and failure to pay overtime compensation.

2    50. It is in the public interest to have these declarations of rights recorded as
3  Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the
4  legal relations at issue, preventing future harm, and promoting the remedial purposes of the
5  FLSA.

6    51. The declaratory judgment action further terminates and affords relief from
7  uncertainty, insecurity, and controversy giving rise to the proceeding.

8    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor
9  against Defendant:

10    a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and
11     practices complained of herein are in violation of the overtime provisions of
12     the FLSA.
13    b. For Plaintiff's costs incurred in this action.
14    c. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the
15     litigation pursuant to 29 U.S.C. §216(b);
16    d. For such other and further relief as the Court deems just and proper.

17

18 **<u>DEMAND FOR JURY TRIAL</u>**

19

20   Plaintiffs and all similarly situated employees hereby requests that upon trial of this
21 action, all issues be submitted to and determined by a jury except those issues expressly
22 reserved by law for determination by the Court.

23

24 Dated: October 1, 2013     Respectfully submitted,

25             **PHILLIPS DAYES LAW GROUP PC**

          ____/s/ John L. Collins____
          John L. Collins
          johnc@phillipslaw.com
          Attorney for Plaintiff